Dennis C. Reich, ESQ., CA Bar No. 69631
**REICH & BINSTOCK, LLP**
4265 San Felipe, Suite 1000
Houston, Texas 77027
Tel: (713) 622-7271
Fax: (713) 632-8724
DReich@reichandbinstock.com

Anthony G. Buzbee, Texas SBN 24001820
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002
Office: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN FORTSON and CHARLOTTE FORTSON, <br><br> Plaintiffs, <br><br> vs. <br><br> BIG LOTS, INC. an OHIO CORPORATION and d/b/a BIG LOTS F&S, INC. <br><br> Defendant. | **COMPLAINT FOR:** <br><br> 1. **NEGLIGENCE AND GROSS NEGLIGENCE – PRODUCTS LIABILITY;** <br> 2. **STRICT PRODUCTS LIABILITY;** <br> 3. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;** <br> 4. **BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE;** <br> 5. **VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS LAWS;** <br> 6. **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING** |

                                                                         LAWS;
                                                                     **7. VIOLATION OF CONSUMER LEGAL REMEDIES ACT;**
                                                                      **8. WRONGFUL DEATH**

                                                                     **DEMAND FOR JURY TRIAL**

Plaintiffs, BENJAMIN FORTSON and CHARLOTTE FORTSON, allege as follows:

**PARTIES**

1. Plaintiff Benjamin Fortson is a citizen of the State of California and resides in California.

2. Plaintiff Charlotte Fortson is a citizen of the State of California and resides in California.

3. Defendant Big Lots is an Ohio corporation with a principal place of business located in Ohio, registered to do business in the State of California dba F&S, Inc., and is doing business in the County of Los Angeles.

**VENUE AND JURISDICTION**

4. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the fact that the controversy between all claimants exceeds the value of $75,000 and is between citizens of different states.

5. This Court has personal jurisdiction over Defendant, as Defendant conducts business in, and has sufficient minimum contacts with, the United States, and specifically, in this State. Specifically, the exercise of personal jurisdiction is proper herein because BIG LOTS' contacts proximately result from actions of the nonresident defendant that create a substantial connection with California. Defendant BIG LOTS has purposefully established minimum

contacts in the forum state, thus invoking the benefits and protections of its laws.

6. Both specific and general jurisdiction exists herein. This controversy arises out of BIG LOTS' contacts with California and the injuries made the basis of this lawsuit arise from those contacts in California:

- Defendant BIG LOTS placed the subject pre-lit Christmas tree in the stream of commerce;
- BIG LOTS intended for and the pre-lit Christmas tree did end up in California;
- The subject accident occurred in California;
- BIG LOTS knows their pre-lit Christmas trees will reach California;
- BIG LOTS services the California Christmas holiday market, including selling pre-lit Christmas trees;
- BIG LOTS conducts business in California;
- BIG LOTS has employees who live in California;
- BIG LOTS owns property in California;
- BIG LOTS pays taxes in California;
- BIG LOTS advertises its pre-lit Christmas trees in California;
- BIG LOTS provides warranties for their pre-lit Christmas trees in California;
- BIG LOTS sold the defective pre-lit Christmas tree at issue in this cause of action in the State of California;
- BIG LOTS invoked the jurisdiction of California Courts;
- BIG LOTS is registered to do business in California and has registered agents for service of legal process in California; and
- Plaintiffs' injuries occurred in California

7. Based on the foregoing, this Court has personal jurisdiction over BIG LOTS because BIG LOTS is authorized to and does conduct business in California and has sufficient

contacts with the State of California, both generally and with regard to this specific action, that the exercise of personal jurisdiction over it is proper. More specifically, general jurisdiction is proper over BIG LOTS because BIG LOTS' contacts with California are so voluminous, continuous and systematic that BIG LOTS is essentially at home in California. Specific jurisdiction is also proper over BIG LOTS (under the stream of commerce plus theory) because BIG LOTS placed the subject pre-lit Christmas tree in the stream of commerce, BIG LOTS specifically serves the California market as a marketplace for its products and the incident made the basis of this lawsuit occurred in California.

8. Venue is proper in this Court by virtue of the fact that this matter arises out of events which occurred within the jurisdictional boundaries of this Court.

## ALLEGATIONS

9. Prior to December 27, 2016, the Fortson family obtained a pre-lit Christmas tree that had been marketed and sold by Defendant Big Lots. Based on present information and belief, the Fortson family purchased the pre-lit Christmas tree from a Big Lots retail facility located in the Los Angeles County area.

10. The Plaintiffs set up the pre-lit Christmas tree in their home and plugged it in.

11. On December 27, 2016, the tree malfunctioned and caught fire.

12. The fire spread throughout the home, and filled the home with smoke. The fire tragically killed Braeson and Brenton Fortson, the sons of Plaintiffs Benjamin and Charlotte Fortson.

13. Plaintiffs attempted to save their sons, but were unable to. As a result, Plaintiffs children were burned alive in the fire and perished.

14. Plaintiffs suffered damages in witnessing their children perish in the fire. Plaintiffs have suffered injury for loss of consortium in addition to their property damages.

15. In addition to Plaintiffs' physical injuries, the Plaintiffs' home and associated personal property were severely damaged by smoke and fire.

## COUNT I
## NEGLIGENCE AND GROSS NEGLIGENCE – PRODUCTS LIABILITY

16. Plaintiffs re-plead all allegations set forth above as if fully restated herein.

17. At all times herein mentioned, Defendant BIG LOTS designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied and sold to retailers for sale, the pre-lit Christmas tree, and or its component parts, including the subject pre-lit Christmas tree at issue in this lawsuit.

18. Defendant manufactured, designed, promoted and/or sold the pre-lit Christmas tree and its component parts to the public, including the subject pre-lit Christmas tree that killed Braeson and Brenton Fortson.

19. BIG LOTS owed a duty to Plaintiffs and their decedent children to exercise reasonable care in the design, testing, manufacture, assembly, sale and distribution of the pre-lit Christmas tree, including a duty to assure that the subject pre-lit Christmas tree did not cause Plaintiffs, their decedent children, other users, bystanders, or the public, unnecessary injuries or deaths.

20. Defendant knew or should have known that the pre-lit Christmas tree was defectively designed and manufactured and was therefore prone to problems under normal operation and use, potentially causing injuries and/or deaths.

21. Defendant failed to exercise ordinary care and breached its duty by, among other things:

- Failure to use due care in the manufacture, distribution, design, sale, testing and servicing of the subject pre-lit Christmas tree and its component parts in order to

avoid the aforementioned risks to individuals, including but not limited to electrical fires;

- Failure to provide adequate warning of the potential electrical fire hazards, lack of electrical fire mitigation, and their propensity to cause and/or contribute to an electrical fire;

- Failure to incorporate in the pre-lit Christmas tree and its design reasonable safeguards and protections against electrical fires, lack of electrical fire mitigation and the consequences thereof;

- Failure to make timely corrections to the design of the pre-lit Christmas tree to correct the electrical fire component failure, lack of electrical fire mitigation and other related problems;

- Failure to adequately identify and mitigate the hazards associated with electrical fire hazards, lack of electrical fire mitigation, and their propensity to cause and/or contribute to an electrical fire in accordance with good engineering practices and other ways; and,

- Such other acts of negligence as discovery shall reveal.

22. As further alleged herein, Defendant's conduct constitutes a want of even scant care and an extreme departure from the ordinary standard of conduct. Such outrageous lack of care represents an extreme departure from the ordinary standard of conduct in the context to the situation. This grossly negligent conducted resulted in Plaintiffs' damages and the death of their children.

23. The aforementioned negligent acts and omissions of Defendant were the direct and proximate cause of Plaintiffs' damages and the death of Braeson and Brenton Fortson.

24. As a direct and proximate result of the aforementioned negligence, carelessness,

**PLAINTIFFS' ORIGINAL COMPLAINT,**
*BENJAMIN FORTSON, ET AL V. BIG LOTS, INC.* | **6**

and other tortious, unlawful and wrongful acts and omissions of the Defendant, and its respective agents, servants, employees and authorized representatives as aforesaid, Plaintiffs have suffered damages in an amount to be proven at trial.

25. As a direct and proximate result of Defendant's negligence, the Plaintiffs suffered property damages entitled them to actual damages in an amount according to proof.

## COUNT II
## STRICT PRODUCTS LIABILITY

26. Plaintiffs reallege and incorporate by reference all of the allegations set forth above as if fully restated herein.

27. At all times herein mentioned, BIG LOTS designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied and sold to retailers for sale the pre-lit Christmas tree and/or its component parts, including the subject pre-lit Christmas tree at issue in this lawsuit.

28. Defendant manufactured, designed, promoted and/or sold the pre-lit Christmas tree and its component parts to the public, knowing that the pre-lit Christmas tree would be purchased or used without inspection for defects by the general public, including Plaintiffs.

29. The pre-lit Christmas tree was unsafe for its intended use by reasons of defects in its manufacture, design, testing, components and constituents, so that it would not safely serve its purpose, but would instead expose users of said product to serious injuries because of the failure of Defendant to properly guard and protect the users of the pre-lit Christmas tree from the defective design and manufacturing of said product that results, at least in part, in electrical fires.

30. Defendant designed and manufactured the pre-lit Christmas tree defectively, causing it to fail to perform as safely as an ordinary customer would expect when used in an intended or reasonably foreseeable manner.

31. Defendant knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the pre-lit Christmas tree, whose defective design, manufacturing, and lack of sufficient warnings caused them to have an unreasonably dangerous propensity suffered from electrical fire hazards, lack of electrical fire mitigation, and their propensity to cause and/or contribute to an electrical fire, and thereby cause catastrophic injuries.

32. Defendant failed to adequately warn of the substantial dangers known or knowable at the time of the defective pre-lit Christmas tree's design, manufacture, and distribution.

33. Defendant failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including decedent, of the design and manufacturing defects, which Defendant knew, or in the exercise of reasonable care should have known, to have existed in the pre-lit Christmas tree, and its component parts.

34. The risks inherent in the design of the pre-lit Christmas tree outweigh significantly any benefits of such design.

35. Plaintiffs and the decedents were not aware of the aforementioned defects at any time regarding the pre-lit Christmas tree prior to the December 27, 2016 fire and decedents' subsequent death.

36. At all times alleged herein, Defendants product caused Plaintiffs' injuries while the product was being used in a reasonably foreseeable way.

37. As a direct and proximate result of the aforementioned defects of the pre-lit Christmas tree, Plaintiffs sustained the injuries and damages set forth herein. Plaintiffs are, therefore, entitled to damages in an amount to be proven at the time of trial.

38. As alleged herein, Defendant's conduct constitutes a want of even scant care and an extreme departure from the ordinary standard of conduct. Defendant's acts in marketing a pre-

lit tree that they knew was, or should have known was extremely dangerous and unsafe, represents an extreme departure from the ordinary standard of conduct in the context to the situation. This grossly negligence conduct resulted in Plaintiffs' damages.

39. As a direct and proximate result of Defendant's grossly negligent conduct, Plaintiffs' children were burned alive and Plaintiffs are entitled to recover compensatory damages in an amount according to proof.

40. As alleged herein, Defendant is guilty of oppression, fraud, and/or malice as defined in Civil Code section 3294, and Plaintiffs should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendant, in an amount according to proof.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs and incorporate the same as though fully set forth hereinafter.

42. Prior to the time that the pre-lit Christmas tree was being used by Plaintiffs in the subject incident, Defendant impliedly warranted to members of the general public, including Plaintiffs, that the subject pre-lit Christmas tree was of merchantable quality and safe for the use for which it was intended by Defendant, namely, for the purpose of use as a holiday decoration, a Christmas tree with integrated Christmas lights, and for other related activities.

43. The subject pre-lit Christmas tree was not merchantable and fit for its ordinary purpose, because it has a propensity to lead to the serious injuries described herein. The subject vehicle was not safe for its intended use nor was it of merchantable quality as warranted by Defendant, in that it was defectively designed and manufactured, thereby dangerously exposing the users of said pre-lit Christmas tree and those around it to serious injury.

44. Plaintiffs reasonably relied on Defendant's representations that the subject pre-lit Christmas tree was safe and free of defects, and was a safe holiday decoration.

45. Defendant's breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiffs' injuries, including the loss of their children. Defendant risked the lives of the consumers and users of its products, including decedents and Plaintiffs, with knowledge of its defects and suppressed this knowledge from the general public. Defendant made conscious decisions not to recall, redesign, or take any actions whatsoever to make the pre-lit Christmas tree safe for its ordinary use, or to inform the unsuspecting public of the defects.

46. As a direct and proximate result of the breach of said implied warranty, Plaintiffs sustained the damages herein set forth and loss of their children. Plaintiffs, therefore, are entitled to in an amount according to proof at trial.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

47. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs and incorporate the same as though fully set forth hereinafter.

48. Prior to the time that the pre-lit Christmas tree was being used by Plaintiffs and the decedents in the subject incident, Defendant impliedly warranted to members of the general public, including Plaintiffs, that the subject pre-lit Christmas tree was fit for the particular purpose for which it was intended by the Defendant, namely, for the purpose of use as a holiday decoration, a Christmas tree with integrated Christmas lights, and for other related activities. The general public, including Plaintiffs, relied on Defendant's skill and judgment to furnish those goods.

49. The subject pre-lit Christmas tree was not fit for the particular purpose for which it was intended, because it has a propensity to lead to the serious injuries described herein. The

subject vehicle was not safe for its intended use, in that it was defectively designed and manufactured, thereby dangerously exposing the users of said pre-lit Christmas tree and those around it to serious injury.

50. Plaintiffs reasonably relied on Defendant's representations that subject pre-lit Christmas tree was safe and free of defects, and was a safe means of transportation.

51. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiffs' injuries.

52. Defendant risked the lives of the consumers and users of its products, including Plaintiffs, with knowledge of its defects and suppressed this knowledge from the general public. Defendant made conscious decisions not to recall, redesign, or take any actions whatsoever to make the pre-lit Christmas tree safe for its intended use, or to inform the unsuspecting public of the defects.

53. As a direct and proximate result of the breach of said implied warranty, Plaintiffs sustained the damages herein set forth and lost their children. Plaintiffs are, therefore, entitled to damages in an amount according to proof at trial.

**COUNT V**
**VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS LAWS**

**California Business and Professions Code §§ 17200 *et seq.***

54. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs and incorporate the same as though fully set forth hereinafter.

55. California Business and Professions Code section 17200 provides that unfair competition shall mean and include "all unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

56. The acts and practices described above were, and are likely, to mislead the general

public and therefore constitute unfair business practices within the meaning of California Business and Professions Code section 17200. The acts of untrue and misleading advertising are, by definition, violations of California Business and Professions Code section 17200. This conduct includes, but is not limited to:

- Representing to Plaintiffs and the general public that the pre-lit Christmas tree was safe, fit and effective for human use, knowing that said representations were false, and concealing from Plaintiffs and the general public that the pre-lit Christmas tree had a serious propensity to cause injuries to users;

- Engaging in advertising programs designed to create the image, impression and belief by consumers that the pre-lit Christmas tree was safe for humans to operate and use, even though Defendant knew this to be false, and even though Defendant had no reasonable grounds to believe them to be true; and

- Purposefully downplaying and understating the dangers, safety risks, and injuries associated with the pre-lit Christmas tree.

57. These business acts and practices violated numerous provisions of both state and federal law. Because of fraudulent misrepresentations made by Defendant as detailed above, and the inherently unfair practice of committing a fraud against the public by intentionally misrepresenting and concealing material information, the acts of Defendant described herein constitute unfair or fraudulent business practices.

58. The misleading advertising described herein presents a continuing threat to Plaintiffs and members of the public in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

59. As a direct and proximate result of Defendant's misconduct and omissions, Plaintiffs sustained the damages herein set forth and lost their children. Plaintiffs are, therefore,

entitled to damages in an amount according to proof at trial.

## . COUNT VI
## VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS LAWS

### California Business and Professions Code §§ 17500 *et seq.*

60. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs, and incorporates the same as though fully set forth hereinafter.

61. California Business and Professions Code section 17500 provides that it is unlawful for a corporation "to induce the public to enter any obligation relating thereto, to make or disseminate or cause to be made or disseminated… from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including the Internet, any statement… which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

62. Defendant's representations, including statements made in Defendant's television, radio, and print advertising, websites, brochures, and all other written and oral materials disseminated by Defendant to promote its vehicles constitute advertising for purposes of this cause of action.

63. Such advertising contained statements which were false, misleading, or which omitted material information which Defendant was under a duty to disclose and which were known or should have been known to Defendant to be false misleading or deceptive.

64. The misleading advertising described herein presents a continuing threat to Plaintiff and members of the public in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

65. As a direct and proximate result of Defendant's misconduct and omissions,

Plaintiffs sustained the damages herein set forth and lost their children. Plaintiffs are, therefore, entitled to damages in an amount according to proof at trial.

## COUNT VII
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT

### California Civil Code §§ 1750 *et seq.*

66. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs, and incorporates the same as though fully set forth hereinafter.

67. Plaintiffs are informed and believe and thereon alleges that Defendant, by the acts and omissions alleged herein, violated the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq*. ("CLRA").

68. The CLRA applies to Defendant's acts and omission described herein because it extends to transactions which are intended to result, or which have resulted, in the sale of goods to consumers.

69. Plaintiffs are a "consumer" within the meaning of California Civil Code section 1761(d).

70. Defendant has violated, and continues to violate, the CLRA in representing that goods have characteristics and benefits which they do not have, in violation of California Civil Code section 1770(a)(5).

71. At all times herein alleged, Defendant has committed acts of disseminating untrue and misleading statements defined by California Civil Code section 1770, by engaging in the following acts and practices with intent to induce members of the public to purchase and use the pre-lit Christmas tree, including, but not limited to:

- Representing to Plaintiffs and the general public that the pre-lit Christmas tree was safe, fit and effective for human use, knowing that said representations

were false, and concealing from Plaintiffs and the general public that the pre-lit Christmas tree had a serious propensity to cause injuries to users;

- Engaging in advertising programs designed to create the image, impression and belief by consumers that the pre-lit Christmas tree was safe for humans to operate and use, even though Defendant knew this to be false, and even though Defendant had no reasonable grounds to believe them to be true; and

- Purposefully downplaying and understating the dangers, safety risks, and injuries associated with the pre-lit Christmas tree.

72. The foregoing practices constitute false and misleading advertising and representations within the meaning of California Civil Code section 1770. The acts of untrue and misleading statements by Defendant described herein presents a continuing threat to Plaintiffs and members of the public in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

73. As a direct and proximate result of Defendant's misconduct and omissions, Plaintiffs sustained the damages herein set forth and lost their children. Plaintiffs are, therefore, entitled to damages in an amount according to proof at trial.

## COUNT VIII
## WRONGFUL DEATH

74. Plaintiffs repeat and reallege each of the allegations contained in the preceding and subsequent paragraphs, and incorporates the same as though fully set forth hereinafter.

75. The aforementioned acts and omissions of Defendant directly and proximately caused the wrongful death of Braeson and Brenton Fortson.

76. As a direct and proximate result of the wrongful death of Braeson and Brenton Fortson, their heirs and law have been deprived of the benefits of having them in their lives.

Under California Code of Civil Procedure section 377.60, Plaintiffs, as the heir and successor-in-interest of Braeson and Brenton Fortson, are thereby entitled to recover from Defendant all damages caused by Defendant's conduct, including loss of consortium, loss of society, comfort, and companionship, loss of wages/financial support, loss of services, loss of inheritance, recovery for grief, mental anguish, emotional distress, pain and suffering, and medical, funeral and burial expenses, and all other such damages allowed by California Code of Civil Procedure section 377.61.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Benjamin Fortson and Charlotte Fortson pray for judgment against Defendant as follows:

a. For general and special damages, according to proof;

b. For pre-and post-judgment interest, according to proof;

c. For punitive damages in excess of $75,000

d. For costs of suit, including reasonable attorneys' fees, as allowed by law; and

e. For such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this 29th day of September, 2017.

**REICH & BINSTOCK, LLP**

By: /s/  Dennis C. Reich
Dennis C. Reich
**REICH & BINSTOCK, LLP**
4265 San Felipe, Suite 1000
Houston, Texas 77027

**PLAINTIFFS' ORIGINAL COMPLAINT,**
*BENJAMIN FORTSON, ET AL V. BIG LOTS, INC.* **| 16**

|    |                                    |
|----|------------------------------------|
| 1  | Tel: (713) 622-7271                |
| 2  | Fax: (713) 623-8724                |
|    | DReich@reichandbinstock.com        |
| 3  |                                    |
| 4  | Anthony G. Buzbee                  |
| 5  | **The Buzbee Law Firm**            |
|    | 600 Travis Street, Suite 7300      |
| 6  | Houston, TX 77002                  |
|    | Office: (713) 223-5393             |
| 7  | Fax: (713) 223-5909                |
|    | tbuzbee@txattorneys.com            |